1  AARON H. COLE, CA Bar No. 236655
   aaron.cole@ogletree.com
2  CATHERINE L. BRACKETT, CA Bar No. 332918
   catherine.brackett@ogletree.com
3  SONA P. PATEL, CA Bar No. 334044
   sona.patel@ogletree.com
4  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
5  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
6  Telephone:    213-239-9800
   Facsimile:    213-239-9045
7
   Attorneys for Defendant
8  SEA WORLD LLC

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF SAN DIEGO**

11

12 | BRUCE MORGAN, on behalf of himself and others similarly situated, | Case No. 37-2023-00034106-CU-OE-CTL |
   |---|---|
13 | Plaintiff, | **DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF BRUCE MORGAN'S CLASS ACTION COMPLAINT** |
14 | vs. | |
15 | SEA WORLD LLC; and DOES 1 to 100, inclusive, | [Assigned for all purposes to The Honorable Katherine Bacal, Dept. C-69] |
16 | Defendants. | |
17 | | |
18 | | |
19 | | Action Filed:    August 9, 2023<br>Trial Date:       None |

1

DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF BRUCE MORGAN'S CLASS ACTION
COMPLAINT       EXHIBIT B PAGE 54
57928619.v1-OGLETREE

**TO PLAINTIFF BRUCE MORGAN AND HIS ATTORNEYS OF RECORD:**

Defendant SEA WORLD LLC ("Defendant") hereby answers the Complaint filed by plaintiff BRUCE MORGAN ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff or any other allegedly aggrieved employee has sustained damages in the sum or manner alleged, or in any other sum or manner whatsoever, and that Plaintiff and the allegedly aggrieved individuals are entitled to damages or to any other relief whatsoever by reason of the alleged acts and/or omissions of Defendant, or by reason of the alleged acts and/or omissions of any current or former agent or employee of Defendant.

Defendant also gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admissions and denials herein, based on such investigation and discovery.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers and defenses, Defendant asserts the following affirmative defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Arbitration)

As a separate and affirmative defense, Defendant alleges that Plaintiff's claims may not be litigated in a judicial forum because they are subject to mandatory, final and binding arbitration under an agreement to arbitrate between Plaintiff and Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Prior Actions' Claims Subsume Plaintiff's Complaint)

As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that the Complaint should be stayed or dismissed due to already-pending or resolved actions which subsume some or all of Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, without limitation, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, Cal. Labor Code §§ 204, 210, and Cal. Bus. & Prof. Code § 17208.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class member employees are barred, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by res judicata and/or collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class member employees are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

**TENTH AFFIRMATIVE DEFENSE**

**(Releases)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as allegedly aggrieved employees may have released some or all of the claims against Defendant that are being asserted in Plaintiff's Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

/ / /

/ / /

/ / /

**TWELVTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members he purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Failure to Pay)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

/ / /

/ / /

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Constitutional Defense to Penalties)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and the putative class members are not entitled to recover any penalties under California or federal law, and any award of penalties would in general or in fact violate Defendant's rights under the United States and California constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as the due process, excessive fines, and cruel and unusual punishment clauses in the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Preemption / Void Laws)**

As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's purported causes of action set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(De Minimis)**

Defendant alleges that Plaintiff's Complaint is, or may be, barred because any alleged violations were de minimis, and but for the alleged de minimis violation, Defendant complied with its obligations under the relevant law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Due Process)**

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that maintenance of this action as a representative action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

/ / /

### NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing — Class Action)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein by Plaintiff on behalf of putative members of the purported classes, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged class members as to some or all of the purported class claims.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Due Process / Class Certification)

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Satisfy Class Action Requirements)

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to, and cannot, satisfy the requirements for maintenance of a class action, including, but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff and the putative members of the purported classes are not entitled to any penalties under California Labor Code § 203 because, at all relevant times, there has been a good-faith dispute that any wages are or have been due, thereby precluding the imposition of any penalties against Defendant.

///

///

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and in its entirety;

2. That Plaintiff and the allegedly aggrieved individuals take nothing by this action;

3. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the Complaint;

4. That Defendant be awarded all costs and attorneys' fees incurred in defending this action; and

5. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: September 13, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Sona Patel
Aaron H. Cole
Catherine L. Brackett
Sona P. Patel

Attorneys for Defendant
SEA WORLD LLC

**PROOF OF SERVICE**
*Bruce Morgan v. Sea World LLC, et al.*
Case No. 37-2023-00034106-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On September 13, 2023, I served the following document(s):

**DEFENDANT SEA WORLD LLC'S ANSWER TO PLAINTIFF BRUCE MORGAN'S CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Joseph Lavi, Esq.<br>Vincent C. Granberry, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Boulevard, Suite 200<br>Beverly Hills, CA  90211<br>Telephone:   (310) 432-0000<br>Facsimile:    (310) 432-0001<br>Email:          jlavi@lelawfirm.com<br>                   vgranberry@lelawfirm.com<br>                   wht4@lelawfirm.com | Attorneys for Plaintiff<br>Bruce Morgan, on behalf of himself and others similarly situated |

☒   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 13, 2023, at Los Angeles, California.

Mirna L. Plascencia                                                          *[signature]*
Type or Print Name                                                       Signature

1<br>PROOF OF SERVICE

EXHIBIT B PAGE 62